1
2
3
4
5
6
7
8                  **IN THE UNITED STATES DISTRICT COURT**
9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  LEONOR LOPEZ, | )  Case No.: 1:11-cv-01657 AWI JLT |
| 12                        Plaintiff, | )  ORDER DENYING PLAINTIFF'S MOTION |
| 13       v. | )  TO REMAND |
| 14  FEDERAL NATIONAL MORTGAGE | )  (Doc. 7) |
|     ASSOCIATION, et al., | ) |
| 15 | ) |
|                           Defendants. | ) |
| 16 | ) |

17          Plaintiff Leonor Lopez ("Plaintiff") seeks remand of this action to Kern County Superior

18   Court.  (Doc. 7).  Federal National Mortgage Association and Michael J. Williams ("Defendants")

19   opposed the motion.  (Doc. 12).  For the following reasons, Plaintiff's motion to remand is

20   **DENIED**.

21   **I.  Procedural History**

22          Plaintiff initiated this action by filing a "Complaint to Quiet Title to Real Property" against

23   Federal National Mortgage ("Fannie Mae") and Does 1-33 on August 22, 2011, in Kern County

24   Superior Court, Case No. S-1500-cv274469.  (Doc. 1, Exh. 1 at 2).  On August 23, 2011, Plaintiff

25   amended her complaint, and added Michael J. Williams as a defendant.  *Id.* at 9.

26          Defendants filed a Notice of Removal, thereby commencing the action in this Court, on

27   September 28, 2011.  (Doc. 1).  Defendants asserted the Court has jurisdiction over the matter under

28   28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy

                                                   1

1   exceeds $75,000.  *Id.* at 2.  Specifically, Defendants allege Plaintiff is a citizen of California, while

2   Defendants are citizens of Washington, D.C., and assert the value of the property in issue is

3   estimated to be $150,000.00.  *Id.* at 2-3.  Also, Defendants assert the Court has "federal agency

4   jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).  (Doc. 12 at 4).

5        On October 31, 2011, Plaintiff filed a notice of and motion to remand the action, asserting the

6   Court should not exercise jurisdiction over the matter (Doc. 7), which Defendants opposed on

7   November 21, 2011 (Doc. 12).

8   **II.   Removal Jurisdiction**

9        Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court

10  where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286,

11  392 (1987).  Specifically,

12       Except otherwise expressly provided by Act of Congress, any civil action brought in a
         State court of which the district courts of the United States have original jurisdiction,
13       may be removed by the defendant or defendants, to the district court of the United States
         for the district and division embracing the place where such action is pending.
14

15  28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the

16  Constitution, laws, or treaties of the United States."  *Id.* at § 1331.

17       A party seeking removal must file a notice of removal of a civil action within thirty days of

18  receipt of a copy of the initial pleading.  *Id.* at § 1446(b).  Removal statutes are to be strictly

19  construed, and any doubts are to be resolved in favor of state court jurisdiction and remand.  *See*

20  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of

21  proving its propriety.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem.*

22  *Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d

23  831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

24  **III.   Discussion and Analysis**

25       As the parties seeking removal, Defendants "bear[] the burden of actually proving the facts to

26  support jurisdiction, including the jurisdictional amount."  *Sanchez v. Monumental Life Ins.*, 102

27  F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67.  The propriety of removal

28

                                              2

jurisdiction is determined by the operative pleadings at the time of removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

### A. The Court had jurisdiction at the time of removal.

Defendants argue removal was proper, and where "jurisdiction exists and is properly invoked, the court has no discretion to remand."  (Doc. 12 at 4) (citing *Grote v. TransWorld Airlines, Inc.*, 905 F.2d 1301, 1310 (9th Cir. 1990)).  Defendants assert removal is proper because "Defendant Fannie Mae, as a federally sponsored entity (and Defendant Michael J. Williams, the purported President and CEO of Fannie Mae), have an independent right to remove a civil or criminal action to federal court." *Id.* at 5 (citing 28 U.S.C. § 1442(a)(1)).  Defendants note Plaintiff does not dispute the Court's diversity jurisdiction or federal entity jurisdiction.  *Id.*

### 1.  Diversity Jurisdiction

"Diversity jurisdiction requires complete diversity between the parties– each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008), citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  Further, Defendants must show the amount in controversy exceeds $75,000.  *Id.* Specifically, the relevant statute provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between–(1) Citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or different States.

28 U.S.C. § 1332(a).  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  The "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's action . . . [which] will typically be found at a corporation's headquarters." *Hertz Corp v. Friend*, 130 S. Ct. 1181, 1185 (2010).  According to Defendants, "Fannie Mae is a Washington, D.C. corporation, with its principal place of business and corporate headquarters located in Washington, D.C." (Doc. 12 at 4-5).  Therefore, Fannie Mae is a citizen of Washington, D.C. for diversity purposes.  Further, because Mr. Williams is sued in his capacity as a representative of Fannie Mae, he is likewise a citizen of

3

Washington D.C., and there is complete diversity between the parties.[1]  Moreover, Plaintiff's amended complaint reveals the amount in controversy is estimated at $150,000. (Doc. 1, Exh. 1 at 14).  Therefore, the Court has diversity jurisdiction over the matter.

### 2.  "Federal Entity" Jurisdiction

Defendants assert the Court has jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) because Fannie Mae is a federal agency.  Under § 1442(a)(1), "[a] civil action . . . that is commenced in a State court and that is against or directed to [the United States or any agency thereof] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."  Importantly, however, it remains unclear whether Fannie Mae is a federal agency over which the Court may exercise jurisdiction.

Although Fannie Mae is a federally-chartered entity pursuant to 12 U.S.C. § 1723a, the statute does not specify that federal jurisdiction is given, as does the statute governing its counterpart, the Federal Home Loan Mortgage Corporation ("Freddie Mac").  *Compare* 12 U.S.C. § 1273a (providing Fannie Mae has the capacity "to sue and to be sued . . . *in any court of competent jurisdiction*, State or Federal ") (emphasis added) *with* 12 U.S.C. § 1452(f) (providing "all actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of such all actions, without regard to amount or value").  Previously, this Court explained:

> While courts are split over whether Fannie Mae's charter confers federal jurisdiction, courts in the Eastern District have concluded that there must be an independent basis of jurisdiction because the language in the charter includes the phrase "any court of competent jurisdiction" and courts have declined to construe that language as creating a grant of jurisdiction.

*Fannie Mae v. Ortega*, 2011 U.S. Dist. LEXIS 51577, at *6-7 (E.D. Cal. May 13, 2011) (citing *Fannie Mae v. Cabesas*, 2011 U.S. Dist. LEXIS 20648 (E.D. Cal. March 2, 2011)).  Significantly, examining the similar language of a federal statute, the Supreme Court reasoned that a reference "to a court of competent jurisdiction," did not provide an independent basis of jurisdiction and was, "at best, . . . ambiguous." *Califano v. Sanders*, 430 U.S. 99, 106 n.6 (1977).  Therefore, it does not

---

[1]  If Mr. Williams is named as a defendant in his personal capacity, diversity jurisdiction is not impacted because Mr. Williams is a citizen of the state of Florida.  (Doc. 12 at 5).

1  appear the Court has jurisdiction on the basis of Fannie Mae's status as a federally-chartered entity

2  alone.  However, as discussed above, an independent basis of jurisdiction established because the

3  Court has diversity jurisdiction over the matter.

4  **B.   The state court proceeding does not impact the Court's jurisdiction.**

5  Plaintiff asserts the Court should not exercise jurisdiction over the matter and the action

6  should be remanded.  (Doc. 7 at 2).  Plaintiff asserts *Federal National Mortgage v. Lopez*, Case No.

7  S-1500-CL-249339 SDS,[2] is a related unlawful detainer action in the state court "[c]oncerning the

8  same Home & Property."  *Id.*  Plaintiff asserts this "triggers the 'prior exclusive jurisdiction

9  doctrine' requiring this Court to remand the case back to the state court."  *Id.* (emphasis omitted).

10  "The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem*

11  jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res.*"

12  *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011).  Accordingly,

13  where the state court jurisdiction over a property in issue, the district court should not exercise

14  jurisdiction over the same property.  Plaintiff asserts the property for which she seeks a quiet title

15  located at 3307 Culver Street, Bakersfield, California, is currently under the jurisdiction of the state

16  court in Case No. S-1500-CL-249339.  (Doc. 7 at 6-9) (citing *Chapman*, 651 F.3d 1039).

17  Importantly, review of the state court docket in Case. No. S-1500-CL-24399 reveals Plaintiff

18  was not a party to the action, and that these cases are not related.  Further, judgment was entered in

19  the action on September 12, 2011, in favor of the plaintiff, Federal National Mortgage and against

20  the defendants Daniel Lopez and Rita Lopez.  No appeal was filed in this action,[3] and the matter is

21  no longer pending in the state court.  Therefore, it appears the state court is no longer exercising

22  ───────────────────

23  [2]  The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.
24  1993).  The state  court's docket is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records.  *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade*
25  *Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).  Therefore,
26  Plaintiff's request that the Court take judicial notice of Case No. S-1500-CL-24399 SDS is **GRANTED**.

27  [3]  Though Defendants assert Daniel and Rita Lopez are appealing this action (Doc. 12 at 3), no Notice of Appeal appears on the docket in Case No. S-1500-CL-24399.  Rather, Daniel and Rita Lopez have appealed Case No. S-1500-CL-
28  272118, an action in which they were the plaintiffs.

1   jurisdiction over the property in Case No. S-1500-CL-249339.  As a result, the "prior exclusive

2   jurisdiction doctrine" is inapplicable, because the federal court is not attempting to exercise

3   *concurrent* jurisdiction over the property in issue.

4   **IV.  Conclusion and Order**

5          Defendants' removal of the action to federal court was proper, and the Court has jurisdiction

6   over the matter.  Further, though Plaintiff asserts state court Case No. S-1500-CL-249339 prevents

7   the Court from maintaining jurisdiction, it appears the proceedings have concluded in the state court,

8   and the "prior exclusive jurisdiction doctrine" does not impact the Court's jurisdiction in the current

9   matter.  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**.

10

11  IT IS SO ORDERED.

12  Dated:   **December 5, 2011**                                   **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28